UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Hadmarys Picerno, on behalf of herself
and all others similarly situated,                               Civil Action No.

                                                                **CLASS ACTION**
                      Plaintiffs,                                   **COMPLAINT**

   v.

Northland Group, Inc.                                                 **NO JURY TRIAL**
                                                                **DEMANDED**

                    Defendant.
-------------------------------------------------------X

      Plaintiff, by and through her counsel, Ryan Gentile, Esq., as and for her complaint against the Defendant, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all others similarly situated, alleges as follows:

## INTRODUCTION

1. Plaintiff, on her own behalf and on behalf of the class she seeks to represent, brings this action to secure redress for the debt collection practices utilized by the Defendant, Northland Group, Inc. ("Northland" or "Defendant") in connection with their attempts to collect alleged debts from Plaintiff and others similarly situated.

2. Plaintiff alleges that Northland's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA")

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. <u>Bentley v Great Lakes Collection Bureau</u>, 6 F.3d 60, 62-3 (2d Cir. 1993).

## **JURISDICTION AND VENUE**

5. This Court has jurisdiction over this FDCPA claim pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

6. Venue and personal jurisdiction in this District are proper because:
   a. The acts giving rise to this lawsuit occurred within this District; and
   b. Defendant does business within this District.

## PARTIES

7. Plaintiff, Hadmarys Picerno is an individual natural person who at all relevant times resided in the City of South Ozone Park, County of Queens, State of New York.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Defendant, Northland at all times relevant hereto, is and was a Corporation with offices located at 7831 Glenroy Road, Suite 250 Minneapolis, MN 55439.

10. The principal purpose of Northland is the collection of debts using the mail and telephone.

11. Northland regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. Northland is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

13. Sometime prior to August 2016, Plaintiff allegedly incurred a debt to Citibank, N.A. related to a personal Citi Mastercard credit card account (the "Debt").

14. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction were primarily for personal, family or household purposes, namely fees emanating from a personal Citi Mastercard credit card account in Plaintiff's name.

15. Plaintiff's credit card Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

16. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the Debt.

17. At a time known only to Defendant, Plaintiff's Debt was placed with Defendant for collection.

18. On or about August 2, 2016, Northland mailed or caused to be mailed a letter to Plaintiff. (Annexed and attached hereto as Exhibit A is a copy of the letter dated August 2, 2016 sent by Northland to the Plaintiff except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address in order to protect their privacy)

19. Plaintiff received the letter attached as Exhibit A in the mail.

20. Plaintiff reviewed the letter attached as Exhibit A upon receipt of said letter in the mail.

21. Exhibit A seeks to collect the Debt.

22. The letter attached as Exhibit A is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

23. Exhibit A states in relevant part:

    "Citibank, N.A. will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations.

    (see Exhibit A)

3

24. The language in Northland's collection letter attached as <u>Exhibit A,</u> referenced in Paragraph 23, is deceptive and misleading in violation of the FDCPA.

25. Northland's collection practice is a high-volume practice.

26. Northland's debt collection practice is largely automated and utilizes standardized form letters.

27. Documents in the form represented by <u>Exhibit A</u> are regularly sent by Northland to collect debts from consumers.

28. <u>Exhibit A</u> is a standardized form letter.

29. Northland mailed or caused to be mailed letters in the form of <u>Exhibit A</u> over the course of the past year to hundreds of New York consumers from whom Northland attempted to collect a consumer debt owed to Citibank, N.A.

## **CLAIMS FOR RELIEF**

## **COUNT I**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

30. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

31. The conduct of Northland in this case violates 15 U.S.C. §§1692, 1692e(2)(A), and 1692e(10).

32. The statement contained in <u>Exhibit A</u> that is referenced in Paragraph 23 of this complaint, is false and misleading in violation of 15 U.S.C. §§1692, 1692e(2)(A), and 1692e(10).

33. The FDCPA at §1692 provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (2) The false representation of --

        (A) the character, amount, or legal status of any debt;

>   (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

34. Debt collectors may not make false, deceptive, or misleading statements in connection with their attempts to collect debts.

35. A collection notice is deceptive when it reasonably can be read to have two or more different meanings, one of which is inaccurate. Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993).

36. The question of whether a collection letter is deceptive or misleading is determined from the perspective of the "least sophisticated consumer." Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62 (2d Cir. 1993).

37. Exhibit A states in relevant part, "Citibank, N.A. will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations."

38. Under 26 C.F.R. §1.6050P-1(d)(2) and (3), only the discharge of principal need be reported:

>   (2) Interest. The discharge of any amount of indebtedness that is interest **is not required to be reported** under this section.
>
>   (3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal **is not required to be reported** under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

39. The language "Citibank, N.A. will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations" could reasonably be understood by the least sophisticated consumer to mean that the Internal Revenue Code

and IRS regulations require that Citibank, N.A., in all circumstances, report any and all forgiveness of debt.

40. The words "Citibank, N.A. will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations" is reasonably read to mean that Citibank, N.A. will always report forgiveness of debt, no matter the amount or make up of the debt that is forgiven.

41. The use of the words "Citibank, N.A. will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations" is an attempt by Northland to make consumers think that IRS regulations always require the reporting of forgiveness of debt. The least sophisticated consumer would reasonably read the Exhibit A to mean that Citibank, in all circumstances, will report forgiveness of debt, and that the reporting is required by IRS regulations.

42. Current case law has made clear, that if debt collectors are providing tax advice with regards to the reporting of forgiveness of debt, they cannot provide vague, incomplete, and misleading disclosures that leave out the essential element that the reporting of forgiveness of debt happens only if the principal forgiven exceeds $600, and that reporting of forgiveness of a debt would not happen, even if the amount is greater than $600, if the amount forgiven contained interest forgiveness, so long as the principal was less than $600.

43. The statement "Citibank, N.A. will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations" is ambiguous, yet the vagueness and uncertainty does not erase the fundamental mischief and deception that the statement intends to cause the consumer. A consumer reading this statement will be led to

believe that if a settlement forgives any amount of debt, then Citibank is required to report that forgiveness of debt to the IRS, per IRS regulations (creating by fear of the IRS another incentive for the consumer to pay the debt without erasing any amount through settlement). However, this statement in inherently deceptive and misleading, by giving erroneous and incomplete tax information – because in actual fact and according to IRS regulations – Citibank "will not" be required to report to the IRS forgiveness of debt of less than $600, nor would Citibank report an amount greater than $600 in forgiveness if the amount contained interest.

44. In Kaff v. Nationwide Credit, Inc., 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J.) Judge Towns of this District found that a statement regarding the requirement to file a 1099, "was not strictly true under all circumstances because it failed to apprise debts that possible exceptions could apply to the creditor's mandatory reporting requirement, such as the **exceptions for interest and other non-principal debts**." Kaff v. Nationwide Credit, Inc., 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J.) **(Emphasis Added)**; *see also* Good v. Nationwide Credit, Inc., 55 F. Supp 3d 742 (E.D. Pa. Oct, 24, 2014) (Finding that the statement "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more. Please consult your tax advisor concerning any tax questions" is not true and does not accurately reflect the relevant law the court also found that the statement's invocation of the IRS was deceptive and materially misleading in violation of the FDCPA).

45. The use of the words "as required by the Internal Revenue Code and corresponding IRS Regulations" is an attempt by Northland to make consumers think that the IRS requires the reporting of any and all forgiveness of debt.

46. Northland gave erroneous and incomplete tax advice to Plaintiff in the collection letters they mail out to the him and that is attached as Exhibit A hereto.

47. Northland gives erroneous and/or incomplete tax advice to consumers in the collection letters they mail out to the consumers.

48. The statement "Citibank, N.A. will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations" suggests to the least sophisticated consumer that failure to pay will get the consumer into trouble with the IRS.

49. The statement made by Northland in Exhibit A is a false, misleading and deceptive statement that is material. The least sophisticated consumer, afraid of an audit, would be pressured by a misstatement such as the one made by Northland into paying more of his debt to avoid the risk of triggering an IRS audit. *See* Kaff v. Nationwide Credit, Inc., 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J.).

50. Plaintiff has alleged a particularized injury because the letter attached as Exhibit A was mailed and directed to her.

51. Plaintiff has alleged a concrete harm because Section 1692e of the FDCPA, unlike other statutory schemes, creates a substantive right to be free from abusive debt communications and Defendant's violation of that provision of the FDCPA results in concrete harm to Plaintiff. *See* Bautz v. ARS National Services Inc., 2016 WL 7422301 (E.D.N.Y. Dec. 23, 2016); Papetti v. Doe, 2017 U.S. App. LEXIS 9165 (2d Cir. May 26, 2017) (Summary Order).

52. Northland is liable to Plaintiff pursuant to 15 U.S.C. §1692k because of the FDCPA violations.

## **CLASS ALLEGATIONS**

53. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

54. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

55. The Class consists of (a) all individuals (b) with a New York address (c) who were sent a letter from Northland in a form materially identical or substantially similar to letter attached as Exhibit A to the Complaint (d) which was not returned as undeliverable (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action (f) where the letter stated in relevant part "Citibank, N.A. will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations."

56. The proposed class specifically excludes the United States of America, the states of the Second Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Second Circuit and the United States Supreme Court.

57. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    i. **Numerosity**: Plaintiff is informed and believes and on that basis alleges that the class defined above is so numerous that joinder of all members would be impracticable. Upon information and belief, there are at least 40 members of the class. The exact number of class members is unknown to

      Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by the Defendant.

  ii. **Common Questions Predominate**:  There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e; (c) The availability of statutory penalties; and (d) Attorneys' fees and costs.

 iii. **Typicality**: Plaintiff's claims are typical of those of the class they seek to represent. Plaintiff's claims and those of each class member originate from the same conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

 iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of each class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of each class. Plaintiff is

  willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither Plaintiff, nor their counsel, have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

 v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

58. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting any individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

59. A class action is superior for the fair and efficient adjudication of this matter, in that:
    a. Individual actions are not economically feasible;
    b. Members of the class are likely to be unaware of their rights;

  c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;

2. Adjudging that Northland violated 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(10);

3. An award of statutory damages for Hadmarys Picerno and the class pursuant to 15 U.S.C. §1692k;

4. Attorneys' fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
   August 1, 2017

            THE PLAINTIFF

         /s/ Ryan Gentile
      By:_____
        Ryan Gentile, Esq.
        Law Offices of Gus Michael Farinella PC
        *Attorney for Plaintiff*
        110 Jericho Turnpike – Suite 100
        Floral Park, NY 11001
        Tel: (516) 326-2333
        Fax: (212) 675-4367
        rlg@lawgmf.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

                            The Law Offices of Gus Michael Farinella, PC

                    /s/ Ryan Gentile
       By:_____
                     Ryan Gentile